**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| Catherine Patricia Oglesby, ) | |
| ) | Civil Action No. 1:15-cv-02071-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Catherine Patricia Oglesby ("Plaintiff") filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). (ECF No. 1.) This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges, issued in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a) D.S.C. (ECF No. 18.)

The Magistrate Judge recommended affirming the Commissioner's final decision denying Plaintiff's claim for Period of Disability ("POD"), Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). (*Id.* at 30.) Plaintiff timely filed objections to the Magistrate Judge's Report and Recommendation. (ECF No. 21.) For the reasons set forth below, the court **ACCEPTS** the recommendation of the Magistrate Judge and **AFFIRMS** the Commissioner's final decision.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

A thorough recitation of the relevant factual and procedural background of this matter is discussed in the Report and Recommendation. (*See* ECF No. 18.) The court concludes, upon its

1

own careful review of the record, that the Magistrate Judge's factual and procedural summation is accurate and incorporates it by reference. The court will only reference herein facts pertinent to the analysis of Plaintiff's claims.

Plaintiff was born on July 23, 1966, and is presently 50 years old. (ECF No. 9-5 at 4, 11-12.) On August 10, August 15, and August 23, 2012, respectively, Plaintiff filed applications for SSI, POD, and DIB, alleging a disability onset date of March 15, 2012, due to osteoporosis, rib fractures with nerve damage, osteopenia, fatigue, gastroesophageal reflux disease, gastroenteritis/colitis, abdominal pain/hernia, depression, and anxiety. (*Id.* at 11, ECF No. 9-6 at 6.) Plaintiff's claims were denied on October 9, 2012, and again on reconsideration on January 17, 2013. (ECF No. 9-4 at 2-4, 9-10.) On November 14, 2013, Plaintiff had a hearing before an Administrative Law Judge ("ALJ"), who found on January 10, 2014, that Plaintiff was not disabled under §§ 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. (ECF No. 9-2 at 14-24, 27, 33.)[1] Thereafter, the Appeals Council denied Plaintiff's request for review on April 24, 2015, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. (*Id.* at 2.)

Subsequently, on May 19, 2015, Plaintiff commenced this action in the United States District Court for the District of South Carolina, pursuant to 42 U.S.C. § 405(g) and 1383(c)(3), to obtain judicial review of the Commissioner's final decision denying Plaintiff's claim for POD, DIB, and SSI. (ECF No. 1.) In her brief, Plaintiff argued that the court should remand the matter to the Commissioner because the ALJ had failed to consider the combined effects of her impairments. Specifically, citing *Walker v. Bowen*, 889 F.2d 47 (4th Cir. 1989), she contended

---

[1] The pages of the administrative record are slightly out of order. Page 12 of the ALJ's decision is located at page 27 of ECF No. 9-2.

that the ALJ did not consider, or adequately explain his consideration of, the effect of her impairments' negative interaction with each other or her medications' cumulative side effects on her ability to perform job-related functions. (ECF No. 13 at 16-22.)

On April 7, 2016, the Magistrate Judge issued her recommendation that the Commissioner's final decision denying Plaintiff's claim for POD, DIB, and SSI be affirmed. (ECF No. 14.) In her thorough Report and Recommendation, the Magistrate Judge noted that "the ALJ explicitly stated that he considered the combined effect of Plaintiff's impairments in accordance with the Fourth Circuit's ruling in *Walker*" and determined that "[a] review of the [ALJ's] decision as a whole yields no evidence to dispute the ALJ's contention that he considered the combined effect of Plaintiff's impairments." (*Id.* at 27-28 (citing *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) ("The Commissioner, through the ALJ and Appeals Council, stated that the whole record was considered, and, absent evidence to the contrary, we take her at her word."); *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) ("[O]ur general practice . . . is to take a lower tribunal at its word when it declares that it has considered a matter.")).) Likewise, the Magistrate Judge rejected Plaintiff's argument that the ALJ had reversibly erred by failing to consider the cumulative side effects from Plaintiff's medications. (*Id.* at 29-30.)

Plaintiff timely filed her objections to the Magistrate Judge's Report and Recommendation on April 19, 2016, listing three objections. (ECF No. 16.) In her objections, Plaintiff repeats her arguments that the ALJ failed to adequately consider the effect of her impairments in combination and the cumulative side effects of her medications and states that she "respectfully disagrees" with the Magistrate Judge's conclusions. (*Id.* at 3.) The Commissioner filed a response to Plaintiff's objections on May 6, 2016. (ECF No. 21.)

3

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court reviews *de novo* only those portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he

courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The court has carefully reviewed the record in this case, the Magistrate Judge's Report and Recommendation, Plaintiff's objections, and Defendant's response thereto in accordance with the applicable standard. Because Plaintiff's objections merely repeat the arguments from her brief, which the Magistrate Judge thoroughly considered and correctly rejected, the court overrules Plaintiff's objections and accepts the Magistrate Judge's Report and Recommendation without elaboration. *See In re Brady-Zell*, 756 F.3d 69, 71 (1st Cir. 2014) ("[W]hen lower [tribunal]s have supportably found the facts, applied the appropriate legal standards, articulated their reasoning clearly, and reached a correct result, a reviewing court ought not to write at length merely to hear its own words resonate."); *accord Moses v. Mele*, 711 F.3d 213, 215-16 (1st Cir. 2013); *In re Curry*, 509 F.3d 735, 735 (6th Cir. 2007); *Nichols v. Reno*, 124 F.3d 1376, 1378 (10th Cir. 1997).

### III. CONCLUSION

Upon careful consideration of the entire record, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation incorporating it by reference, and **AFFIRMS** the final decision of the Commissioner denying Plaintiff's claims for Period of Disability, Disability Insurance Benefits, and Supplemental Security Income.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Court Judge

September 14, 2016
Columbia, South Carolina

5